**Francis L. SWISHER, Plaintiff,**

v.

**DEPARTMENT OF THE AIR FORCE et al., Defendants.**

**No. 79–0996–CV–W–1.**

United States District Court, W. D. Missouri, W. D.

Sept. 3, 1980.

George S. Murray, III, Kansas City, Mo., for plaintiff.

Ronald S. Reed, Jr., U. S. Atty., Larry D. Coleman, Asst. U. S. Atty., Kansas City, Mo., for defendants.

## MEMORANDUM OPINION AND ORDERS

OLIVER, Chief Judge.

This Freedom of Information Act case pends on the government's motion to dismiss, or in the alternative, for summary judgment, and on plaintiff's cross–motion for summary judgment. Jurisdiction is based on 5 U.S.C. § 552(a)(4)(B).

We have considered the suggestions and affidavits of the government and the suggestions of the plaintiff and we have examined the document in question *in camera.* We find that the government's alternative motion for summary judgment in regard to the conclusions and recommendations and the Social Security Account Numbers in the document in question should be granted. Plaintiff's motion will accordingly be denied.

The relevant facts are undisputed. Plaintiff is a former civilian employee of the United States Air Force who has frequently brought to the attention of Air Force officials a number of complaints about a variety of issues. Specifically, on September 23, 1977, plaintiff wrote to The Inspector General, Headquarters, U.S.A.F. (Lt. General John P. Flynn), in regard to several matters that plaintiff wanted investigated. On October 13, 1977, The Inspector General, Headquarters, U.S.A.F., directed the Inspector General, Headquarters, Strategic Air Command, to conduct an inquiry into the complaints raised in plaintiff's letter. On October 21, 1977 The Assistant Chief of Staff, Headquarters, S.A.C., ordered Colonel James L. Morris to conduct the relevant inquiry. Colonel Morris was ordered to submit his report, including "conclusions and recommendations," to the Inspector General, Headquarters, S.A.C., by October 31, 1977.

Colonel Morris interviewed plaintiff and twenty-one witnesses in the course of his investigation and submitted his Report of Inquiry to the Inspector General, Headquarters, S.A.C., which office reviewed the Report and then forwarded it to The Inspector General, Headquarters, U.S.A.F.,

with a nonconcurrence on one of the five recommendations made by Colonel Morris.

The Report of Inquiry was reviewed at Headquarters, U.S.A.F., by the Office of The Inspector General and by the Office of the Staff Judge Advocate. On January 5, 1978, after this review, The Inspector General, Headquarters, U.S.A.F. (Lt. General John P. Flynn) wrote plaintiff a letter, informing him, *inter alia*, that:

The [U.S.A.F.] records consistently establish that you have been afforded all considerations entitled under Air Force policies and Civil Service regulations. Even so, I decided to allow Colonel Morris to continue his inquiry to insure that nothing had been overlooked and that all your questions had been addressed.

Having read the latest inquiry report, I am satisfied that you have not brought up any substantive new issues which have not been thoroughly addressed in the past. Your same complaints have been investigated, and reinvestigated, many times over and found to be without basis.

\*    \*    \*    \*    \*    \*

I am directing that your complaint file be closed and not reopened on any of these matters.

On June 30, 1978, plaintiff wrote Lt. General Flynn asking for a copy of Colonel Morris' Report of Inquiry, referred to in the Flynn letter. See Exhibit F to the government's first affidavit. The Air Force treated plaintiff's request as one made pursuant to 5 U.S.C. § 552, the Freedom of Information Act, and released in part Colonel Morris' Report of Inquiry, with a cover letter dated July 31, 1978 (Exhibit G to the government's first affidavit). That letter informed plaintiff that the "conclusions and recommendations" of Colonel Morris were being withheld under 5 U.S.C. § 552(b)(5), because "release would inhibit the free and frank exchange of ideas, opinions, and recommendations among Air Force personnel."

That letter further informed plaintiff that all Social Security Account Numbers listed in the Report of Inquiry to identify people other than plaintiff had been deleted under 5 U.S.C. § 552(b)(6), "since release of these identifying numbers would constitute a clearly unwarranted invasion of the privacy of others." Plaintiff unsuccessfully pursued an administrative appeal of the Air Force's decision to withhold the information in question, and ultimately filed this lawsuit to compel disclosure.

The government has moved to dismiss, or in the alternative, for summary judgment in regard to production of (a) the conclusions and recommendations of the Report of Inquiry written by Colonel Morris and (b) the Social Security Account Numbers listed in that Report. Plaintiff has filed a cross-motion for summary judgment praying for (a) a final injunction requiring disclosure of the conclusions and recommendations and Social Security Account Numbers in question and (b) an order requiring payment of costs and reasonable attorney's fees.

Accordingly, the only legal questions immediately before this Court are: (1) whether the conclusions and recommendations in the Report of Inquiry were properly withheld under section 552(b)(5); and (2) whether the Social Security Account Numbers were properly withheld under section 552(b)(6).

In regard to the first question presented, section 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Reasonably construed, section (b)(5) exempts only documents that a private party in litigation with the agency could not discover. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 at 148, 95 S.Ct. 1504 at 1515, 44 L.Ed.2d 29 (1975). As that Court makes clear, the purpose of the privilege is to protect the quality of an agency's decisionmaking process by protecting from disclosure communications leading up to the formulation of agency policy. Absent this privilege, the free exchange of ideas so vital to that process would be hampered and the quality of the decision would suffer thereby. See *NLRB v. Sears* at 150–51, 95 S.Ct. at 1516. Accordingly, only predecisional communica-

340

tions are so privileged; communications made after the decision and intended to explain it are not. *See NLRB v. Sears* at 152, 95 S.Ct. at 1517.

■ Applying these principles to the facts here, it is clear that the conclusions and recommendations in Colonel Morris' Report of Inquiry are predecisional communications and are therefore protected from disclosure. Colonel Morris submitted his report to the Inspector General, Headquarters, S.A.C., which office forwarded the Report, with comments, to The Inspector General, Headquarters, U.S.A.F. Consonant with § 3.1d of Air Force Manual 120–3 (Exhibit 15 to the government's supplemental affidavit), The Inspector General, Headquarters, U.S.A.F., took the final action on the Report of Inquiry when he wrote plaintiff on January 5, 1978, telling him that his complaints were groundless. Under these circumstances, we hold that the conclusions and recommendations contained in Colonel Morris' Report of Inquiry are protected from disclosure by 5 U.S.C. § 552(b)(5).

Plaintiff nonetheless argues at page 4 of his suggestions that Lt. General Flynn's letter of January 5, 1978 is a "final opinion" within the meaning of 5 U.S.C. § 552(a)(2)(A), which "allud[es]" to the Report of Inquiry, thereby "requiring" the latter's disclosure. Plaintiff apparently bases his argument on a statement in *NLRB v. Sears* at 161, 95 S.Ct. at 1521, to the effect that "if an agency chooses *expressly* to adopt or incorporate by reference an intra-agency memorandum previously covered by [§ 552(b)(5)] in what would otherwise be a final opinion, that memorandum may be withheld only on the ground that it falls within the coverage of some exception other than [§ 552(b)(5)]." (emphasis in original).

■ Even assuming the Flynn letter to plaintiff to be a "final opinion," plaintiff's argument is unpersuasive. An allusion is scarcely an "*express*" adoption or incorporation.

■ The second question presented can be disposed of quickly. We hold that Social Security Account Numbers were properly withheld under section 552(b)(6) because their disclosure would "constitute a clearly unwarranted invasion of personal privacy." *See Department of the Air Force v. Rose,* 425 U.S. 352 at 375, 380, 96 S.Ct. 1592 at 1605, 1607, 48 L.Ed.2d 11 (1976); *Metropolitan Life Insurance Co. v. Usery,* 426 F.Supp. 150 at 167 (D.D.C.1976). Since the government's alternative motions are based on its affidavits, which by definition go beyond the pleadings, we will grant its motion for summary judgment instead of the motion to dismiss. *See Wright & Miller, Federal Practice and Procedure:* Civil § 2713.

For the stated reasons, it is

ORDERED (1) that defendants' alternative motion for summary judgment in regard to the conclusions and recommendations and Social Security Account Numbers in the Report of Inquiry should be and hereby is granted. And it is further

ORDERED (2) that defendants' motion to dismiss in regard to the conclusions and recommendations and Social Security Account Numbers in the Report of Inquiry should be and hereby is denied as moot. And it is further

ORDERED (3) that plaintiff's cross-motion for summary judgment in regard to the conclusions and recommendations and Social Security Account Numbers in the Report of Inquiry should be and hereby is denied. And it is further

ORDERED (4) that plaintiff should be and hereby is denied his costs of action and attorney's fees.