Dear Mr. Burton,
You have requested the opinion of this office as to whether the "W-2 Forms" of school board employees are subject to public disclosure under the Public Records Act (LSA-R.S. 44:1 et seq.). Specifically, you ask whether certain items of information contained in these "W-2 Forms" are public information and therefore subject to disclosure, or whether these items are private and confidential and not subject to the Public Records Act. It is the opinion of this office that the "W-2" form of a school board employee may not itself be disclosed under the Public Records Act. However, the information contained in the "W-2" as to the employee's wages and deductions, but not the employee's social security number, is otherwise obtainable under the Public Records Act from the records of the school board itself.
Article I, Section 5 of the Louisiana Constitution of 1974 guarantees a citizen the right to privacy, and reads in pertinent part:
 Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy.
However, balanced against this concern for the privacy rights of individuals is the concern that the actions of the government be open and accessible to the public. Article XII, Section 3 addresses this concern, and states:
 No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
The Public Records Act is designed to effectuate this constitutional mandate. LSA-R.S. 44:1(A)(2) defines "public records" to include:
 All . . . records, writings, accounts, . . . papers, and all copies, . . . or other reproductions . . . or any other documentary materials . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state.
LSA-R.S. 44:4, however, specifically exempts certain documents and information from the effect of the Public Records Act, and provides in pertinent part:
This Chapter shall not apply:
(1) To any tax return or the information contained in any tax return.
Title 47 sets forth further statutory exemptions from the Public Records Act for tax records. LSA-R.S. 47:349(B)(1) provides in pertinent part:
 Except as otherwise provided by law, the records and files of the collector or the records and files maintained pursuant to a tax ordinance . . . are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state.
LSA-R.S. 47:1508 further provides that:
 [T]he records and files of the secretary of the Department of Revenue and Taxation or the records and files maintained pursuant to a tax ordinance . . . are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state.
These provisions are in accord with the mandate in the Federal Tax Code, specifically 26 U.S.C. § 6103, that "return information" shall be confidential. Therefore, notwithstanding the provisions of Title 47 of the Revised Statutes cited above, the Federal Tax Code confidentiality provisions would in any case supersede the Louisiana Public Records Act by operation of the Supremacy Clause of the United States Constitution, and thus exempt tax returns or information therein from the effect of the Act. (See Op. Atty. Gen. No. 90-272).
"W-2 Forms" would fall within the definition of "returns or return information," at least as defined under the Federal Tax Code. 26 U.S.C. § 6103(b)(1) defines a "return" as:
 [A]ny tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.
26 U.S.C. § 6103(b)(2) includes within the definition of "return information":
 [A]ny . . . data received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person.
"W-2" forms are an integral part of the determination of an individual's income tax liability, and are required to be included as a part of one's tax return. Therefore the "W-2" constitutes both information which is a part of the filed return, and data collected with respect to a return or the existence of tax liability. Therefore, pursuant to the Federal Tax Code, and under Title 47 of the Louisiana Revised Statutes as well, the "W-2" form of a school board employee would not be subject to disclosure under the Public Records Act.
However, the information contained in the employees' "W-2" forms is not itself exempt from the Act. Information regarding a public employee's gross salary, net pay, and salary deductions constitutes "public records" as defined in LSA-R.S. 44:1(A)(2) (previously cited). Net pay is "the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state" and thus may be disclosed from school board records. Likewise, salary deductions are "records . . . [and] . . . accounts . . . prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function . . . conducted, transacted, or performed by or under the authority of the constitution or laws of this state . . . or order of any public body." Therefore, this information is subject to disclosure under the Public Records Act. See Op. Atty. Gen. Nos. 89-187; 81-353.
While the gross wages and salary deductions of a public employee may be disclosed from the records of the public employer, the social security number of such employee is not subject to disclosure under the Public Records Act.26 U.S.C. § 6103(b)(2) includes within the term "return information" any information relating to "a taxpayer's identity." Clearly an individual's social security number, which has as one of its functions taxpayer identification, falls within this category of items which under federal law may not be disclosed. Furthermore, federal case law has held that, under the Freedom of Information Act, the federal counterpart to the Louisiana Public Records Act, the disclosure of an individual's social security number constitutes a "clearly unwarranted invasion of personal privacy." Swisher v. Department of the Air Force,495 F. Supp. 337 (D.C. Mo. 1980), affirmed 660 F.2d 369 (8th Cir. 1981). Previous opinions of this office are in accord with this position. See, e.g., Op. Atty. Gen. Nos. 91-295; 90-272.
In conclusion, it is the opinion of this office that, while the "W-2" forms of school board employees are themselves exempt from public disclosure under LSA-R.S. 44:1 et seq., the same information contained in these forms that you have inquired about, with the exception of the social security numbers of the employees, may be obtained under the Public Records Act from the records of the school board itself.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC/pab/0748l