PROVIDENCE JOURNAL CO. et al.

v.

John J. KANE et al.

No. 89–317–A.

Supreme Court of Rhode Island.

July 10, 1990.

Joseph V. Cavanagh, Jr., Stephen J. Reid, Blish & Cavanagh, Providence, for plaintiffs.

James E. O'Neil, Atty. Gen., Terence J. Tierney, Asst. Atty. Gen., for defendants.

Thomas W. Lyons, III, Howard Merten, Providence, for ACLU.

Gerald P. Cobleigh, Warwick, for Council 94.

Thomas J. Liguori, Jr., Westerly, for Nat. Educ. Ass'n.

OPINION

SHEA, J.

This matter is before the Supreme Court on appeal by the plaintiffs from an order denying and dismissing their complaint on the ground that it failed to state a claim upon which relief could be granted. We affirm.

By letter addressed to the director of the Department of Administration of the State of Rhode Island, the Providence Journal Company and Bruce Landis, a staff writer (plaintiffs), requested access to certain records relating to employees of the State of Rhode Island (the records). The letter stated that the request was made pursuant to the Access to Public Records Act, G.L. 1956 (1984 Reenactment) chapter 2, of title 38 (the APRA or the act). In part, the letter read:

"we need information that will uniquely identify state employees by name, address, and employee number, and include their employment history, qualifications, job classification, relationship to the civil service system, minority and other special status, position by agency and by other identifiers, work schedule, the components of their pay, their pay and overtime history, vacation and sick leave status [as well as] history of personnel actions beginning with fiscal 1985–86, including both present and former state employees, recounting their comings and goings and how their status changed in-between."

The defendants John Kane in his capacity as the director of the Rhode Island Department of Administration (Kane), and the State of Rhode Island refused to permit plaintiffs access to the requested records. Kane offered, under G.L.1956 (1984 Reenactment) § 36–4–47, as amended by P.L. 1986, ch. 107, § 1, to provide the requesting parties with the information prescribed to be available for public inspection at the

request of any person.[1] Such information would include the State employee's name, title or position held, agency assignment, salary rate, and date of employment. Not satisfied with the offer, plaintiffs elected to file a petition for a writ of mandamus and declaratory judgment.

Their action was filed in the Superior Court for Providence County. The plaintiffs sought to obtain a declaratory judgment establishing their right of access to the requested records in the custody or control of Kane or the State. The defendants, the Rhode Island Federation of Teachers (RIFT), and the National Education Association of Rhode Island (NEARI) were allowed to intervene as parties defendant.[2] In due course, Kane, the State, RIFT, and NEARI each filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on the grounds that the complaint failed to state a claim upon which relief can be granted. The bases for the motions to dismiss were the exceptions set out in § 38–2–2(d)(1), as amended by P.L.1986, ch. 203, § 1 of the act, the list of accessible information delineated in § 36–4–47 and our recent decision in *Pawtucket Teachers Alliance Local No. 920, AFT, AFL–CIO v. Brady*, 556 A.2d 556 (R.I.1989).

After hearing, the trial justice ruled that the records sought are personnel records relating to identifiable individuals, and that such records are exempt under the statute. He also ruled that the records sought were not public records under the provisions of the APRA. An order reflecting those rulings was duly entered, and this appeal was then taken. This court granted the Rhode Island affiliate of the American Civil Liberties Union (ACLU), and the Rhode Island Council 94 and the Rhode Island Brotherhood of Correctional Officers leave to file briefs as amici curiae. The ACLU supported the plaintiffs' position. Council 94 and the correctional officers filed a brief in support of defendants.

The issue before us is clear and fairly narrow. It is whether the trial justice erred in finding that the material requested constituted personnel records that were exempt from the right to inspection as provided in § 38–2–2(d)(1). If he did not, then the motion to dismiss filed under Rule 12(b)(6) was properly granted.

Among records that, under the terms of the act, are specifically designated as *not* public are

"[a]ll records which are identifiable to an individual applicant for benefits, clients, patient, student, or employee; including, but not limited to, *personnel*, medical treatment, welfare, employment security, and pupil records and all records relating to a client/attorney relationship and to a doctor/patient relationship." (Emphasis added.) Section 38–2–2(d)(1).

In *Pawtucket Teachers Alliance v. Brady, supra*, we had occasion to interpret the act, and we specifically considered the personnel-record exception. In that case a very similar issue was presented. A teach-

---

1. General Laws 1956 (1984 Reenactment) § 36–4–47, as amended by P.L.1986, ch. 107, § 1 provides:
   "Personnel roster and records—Tabulation and analysis of data.—The personnel administrator shall maintain a perpetual roster of all officers and employees in the unclassified and classified services and all persons from other departments or agencies of the state which receive funds from the state showing for each person the title of the position held, the position number, his departmental or other agency assignment, his salary rate, date of appointment, complete employment history and other such data as the personnel administrator deems pertinent. The personnel administrator shall also maintain other such personnel records as he considers desirable, and shall make available to the governor, the legislature, the director, department and institution executives, and other persons having a proper interest therein, tabulations and analyses of such personnel data as he has available. A similar perpetual roster shall also be maintained showing for each person named the title of the position held, the position number, his departmental or other agency assignment, his salary rate and date of employment which shall be made available for public inspection at the request of any person."

2. The briefs submitted by the parties, intervenors, and amici curiae have been most informative and very helpful to the court in reaching its decision.

ers' union sought records of the Pawtucket School Department relating to an investigation of the performance of a school principal. Although we acknowledged that the basic policy of the APRA favored disclosure, we concluded that the Legislature did not intend for the act to allow the public carte blanche to rummage through all publicly held documents. The statute "is designed to protect from public disclosure information which is highly personal and intimate in nature." 556 A.2d at 559. We held that personnel records are specifically exempt. *Id.* We stated that, generally, documents containing "highly personal" information "such as work-performance evaluations, past criminal convictions, and employment-related disciplinary matters" and "less intimate data" such as " 'place of birth, date of birth, date of marriage, employment history and comparable data' " possess the characteristics of personnel files. *Id.* We remain of the opinion that in passing the APRA, the General Assembly intended to limit access to certain documents in order to avoid disclosure of confidential information to protect individuals from invasion of their privacy.

The plaintiffs argue that the trial justice's dismissal under Rule 12(b)(6) was improper both procedurally and substantively, insisting that their complaint does state a claim upon which relief may be granted because they seek access to records maintained by a governmental agency. The plaintiffs assert that since the complaint alleged that the refusal to permit access to the records maintained by the government was a violation of the APRA, then on its face, a claim upon which relief could be granted was stated. We disagree.

Given the clear and specific exemption in the act of all records identifiable to an individual employee, the complaint, in our opinion, is insufficient. Under the act it would not be possible to present any set of facts that, if proven by plaintiffs, would entitle them to the relief requested. *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 11–12, 227 A.2d 582, 584 (1967).

Under the terms of the APRA, the documents requested are not considered to be public records. Therefore, the act does not apply to them. That fact is the reason why the arguments of the amicus curia, the ACLU, must also fail. In its brief the ACLU argues that by failing to balance the interests between those who support disclosure and those who oppose it, the trial justice adopted a per-se test to exclude "any record normally contained in a 'personnel file.' " In doing so, it argues, the trial justice ignored not only the public interest but also the act's language and settled law from throughout the country. Again we disagree.

The ACLU is of the mistaken opinion that the trial justice declared that any record normally contained in a personnel file was exempt from disclosure. He did not do so. He found only that in the circumstances of this case the requested records were identifiable to individual State employees and are therefore not to be considered public records under the terms of the act. There is no public interest to be weighed in disclosure of nonpublic records. Consequently the trial court's "failure to balance interests" does not in any way constitute an error of law. Any balancing of interests arises only after a record has first been determined to be a public record.

The complaint sets forth that plaintiffs had requested

"access to records of the State of Rhode Island of state employees providing name, address, employee number, employment history, qualifications, job classifications, status within the civil service system, minority or other special status, position by agency, work schedule, pay components, actual pay and overtime history, vacation and sick leave status * * * also * * * records showing personnel actions for present and former state employees from 1985 to present, including records showing employees entering and departing state employment, and their job status during that time period."

In their letter requesting access to the records in question, plaintiffs stressed that the documents will "uniquely identify state employees." Since the requested records fall within the category of documents that

under the express terms of § 38–2–2(d)(1) shall not be deemed to be public records, no right of access to those records exists under any State law.

The plaintiffs also argue that a "balancing of interests" requirement should be read into our statute, and in support of their position they direct our attention to a number of cases decided under the Federal Freedom of Information Act, 5 U.S.C. § 552 (FOIA) in support of their position. The act of "reading into" statutory language is part and parcel of our function of interpreting statutes that are unclear or ambiguous. The court can do this, however, only when the statute is in fact unclear or ambiguous. When faced with statutory language that is clear and unambiguous, we may not interpret or change the express intention of the Legislature. *In re Advisory Opinion to the Governor,* 504 A.2d 456, 459 (R.I.1986).

In arguing for a balancing test, plaintiffs overlook what we recently said in *Pawtucket Teachers Alliance v. Brady,* that the personnel-records exemption under FOIA excludes only those records that would constitute a "clearly" unwarranted invasion of privacy. 556 A.2d at 558 n. 3. Our State statute does not use the term "clearly." In *Brady* we found that our Legislature's omission of the term "clearly" from the exemption section created a very meaningful difference between our act and the FOIA. *Id.* The use of the phrase "clearly unwarranted" in the FOIA may well suggest a policy involving a balancing of interests. But the same could not be said about our act in view of the Legislature's omission of the word "clearly" from the APRA's personnel exemption.

Furthermore, even applying the Federal act's stricter "clearly unwarranted" invasion-of-privacy standard, the very same information requested by plaintiffs has been found to be exempt from disclosure under the FOIA. *See, e.g., Local 3, International Brotherhood of Electrical Workers, AFL–CIO v. National Labor Relations Board,* 845 F.2d 1177 (2d Cir.1988) (employees' names, addresses, birth dates, Social Security numbers, sex and marital status, union membership, wages, and tax information held to be exempt from disclosure); *Multnomah County Medical Society v. Scott,* 825 F.2d 1410 (9th Cir.1987) (names and addresses of Medicare beneficiaries exempt since such records would reveal those named were either over sixty-five years of age or disabled); *Swisher v. Department of the Air Force,* 495 F.Supp. 337 (W.D. Mo.1980), *aff'd,* 660 F.2d 369 (8th Cir.1981) (release of Social Security Account Numbers would " 'constitute a clearly unwarranted invasion of personal privacy' "); *Joseph Horne Co. v. National Labor Relations Board,* 455 F.Supp. 1383 (W.D.Pa. 1978) (marital status, legitimacy of children, medical conditions, welfare payments, and family fights held to be exempt). In fact, neither plaintiffs nor the amicus curia has brought to our attention, nor have we become aware of, any FOIA cases that have required that personnel records of Federal government employees similar to those requested here be made available to the public.

In January of this year we had occasion to rule that "cost reports" submitted to the State for determination of Medicaid reimbursement rates were public records and therefore disclosable. *Charlesgate Nursing Center v. Bordeleau,* 568 A.2d 775 (R.I.1990). In that case we acknowledged with approval that before making the report available to the public, the agency had "deleted both the detailed personnel information—which includes job descriptions, hourly and total compensation, and dates of hire and termination, which information would be identifiable to individual employees—and tax returns * * * ." *Id.* at 776. We stated then that "[w]e are also mindful that it was the intent of the Legislature to protect from disclosure information about particular individuals whose records are maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of privacy." *Id.* at 777.

The plaintiffs have argued that the "nature and character" of the information is the determining factor, not its location in a particular file. We are of the opinion, however, that it is precisely the nature and character of the information they have re-

quested that places them in direct conflict with the specific exemptions in the APRA.

The plaintiffs have also cited *The Rake v. Gorodetsky*, 452 A.2d 1144 (R.I.1982), in support of their position. In *The Rake* we held that records of the Providence police department concerning civilian complaints of police brutality were not personnel files simply because they were regarded as such by the department and were maintained in files labeled "personnel." *Id.* at 1147–48. We affirmed the order of the trial justice for disclosure of the records that had been purged of the names of the parties by order of the Superior Court. That opinion is of no help to plaintiffs' position since in that case the privacy interests of those involved were fully protected. *Id.* at 1149.

The plaintiffs' request for information that will uniquely identify State employees by name, address, and employment history directly contravenes the clear proscription set forth in § 38–2–2 against disclosure of all records which are identifiable to an individual employee, including personnel records.

For the foregoing reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.