RHODE ISLAND FEDERATION OF
TEACHERS, AFT, AFL–CIO

v.

Bruce SUNDLUN, Governor of the
State of Rhode Island, and the
State of Rhode Island.

No. 91–196–Appeal.

Supreme Court of Rhode Island.

July 23, 1991.

Richard A. Skolnik, Lipsey & Skolnik Esquires, Ltd., Providence, for plaintiff.

Thomas J. Liguori, Jr., Westerly, for intervenor, plaintiff.

Sheldon Whitehouse, Executive Counsel to Governor, Casby Harrison, III, Associate Executive Counsel to Governor, Providence, for defendant.

Joseph V. Cavanagh, Jr., Karen A. Pelczarski, Blish & Cavanagh, Providence, for intervenor, defendant.

David B. Willis, Barrington, for amicus curiae.

OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of the plaintiff, the Rhode Island Federation of Teachers, AFT, AFL–CIO (Federation), from a judgment entered in the Superior Court denying the Federation's prayer for injunctive relief against the disclosure by the Governor of certain information relating to special pension benefits authorized by the General Assembly. These benefits were made available to certain officials and employees of the State of Rhode Island as well as other recipients of pension benefits who may not have been either officers or employees of the state. We affirm. The facts of the case are reflected in a stipulation filed by the parties that is set forth below.

"1. The Governor intends to disclose records showing the name, the amounts contributed, when contributions were made, the total number of credits purchased, the total amounts paid for credits, when credits were purchased, the type of credits purchased, the amounts paid for each credit, and the benefits paid to recipients or prospective recipients of pensions received or to be received by way of any legislative act of the General Assembly that enables the recipient to

purchase or otherwise receive credits in the state retirement system at less than the full actuarial cost of such credits and/or to receive pension benefits not normally available to a member of the state retirement system in the absence of such legislative act.

"2. The hearing on the merits is advanced and consolidated with the hearing on the plaintiff's motion for preliminary injunction pursuant to Rule 65(a)(2) of the Rhode Island Rules of Civil Procedure."

In seeking injunctive relief from the disclosure described in the foregoing stipulation, the Federation relied upon the provisions of G.L.1956 (1990 Reenactment) chapter 2 of title 38, referred to hereinafter as the Access to Public Records Act (APRA). This statute was enacted by P.L.1979, ch. 202, § 1. Its purpose as stated in the preamble was "to facilitate public access to governmental records which pertain to the policy-making functions of public bodies and/or are relevant to the public health, safety, and welfare." Section 38–2–1. It also had as a stated purpose "to protect from disclosure information about particular individuals maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of personal privacy." *Id.* Prior to the enactment of this statute, a public official in Rhode Island was free to disclose or not to disclose information and records in his or her custody entirely at his or her discretion. Neither statutory nor decisional law inhibited this discretion in any way.

The APRA contains in § 38–2–2 a series of definitions that include certain records which shall not be deemed public. Among these definitions are § 38–2–2(d)(1):

"All records which are identifiable to an individual applicant for benefits, clients, patient, student, or employee; including, but not limited to, personnel, medical treatment, welfare, employment security, and pupil records and all records relating to a client/attorney relationship and to a doctor/patient relationship."

Although the definition section includes twenty-one other types of records that shall not be determined public, the Federation relies on the foregoing exception in its complaint seeking injunctive relief against the Governor and the State of Rhode Island or agents thereof acting at his direction. The Federation argues that the type of information described in the stipulation would relate to confidential personnel records that do not constitute public information and, therefore, would not be entitled to release under APRA.

■ The trial justice denied the injunctive relief sought on the ground that APRA simply did not provide an injunctive remedy to persons or entities seeking to block disclosure of records but only provides a remedy for those persons or entities that are denied access to public records. With this proposition we are in agreement. An examination of the entire statute leads us to conclude that the remedies provided by APRA are set forth in § 38–2–7 through § 38–2–10. These sections are set forth in full as follows:

"38–2–7. Denial of access.—Any denial of the right to inspect or copy records provided for under this chapter shall be made to the person requesting the right by the public body official who has custody or control of the public record in writing giving the specific reasons for the denial within ten (10) business days of the request. Failure to comply with a request to so inspect or copy the public record within the ten (10) business day period, shall be deemed to be a denial. Except that for good cause, this limit may be extended for a period not to exceed thirty (30) business days.

"38–2–8. Administrative appeals.—(a) Any person denied the right to inspect a record of a public body by the custodian of the record may petition the chief administrative officer of that public body for a review of the determinations made by his or her subordinate. The chief administrative officer shall make a final determination whether or not to allow public inspection within ten (10) business

days after the submission of the review petition.

"(b) If the chief administrative officer determines that the record is not subject to public inspection, the person seeking disclosure may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general shall determine that the allegations of the complaint are meritorious, he or she may institute proceedings for injunctive or declaratory relief on behalf of the complainant in the superior court of the county where the record is maintained. Nothing within this section shall prohibit any individual from retaining private counsel for the purpose of instituting proceedings for injunctive or declaratory relief in the superior court of the county where the record is maintained.

"38-2-9. Jurisdiction of state courts.—(a) Jurisdiction to hear and determine civil actions brought under this chapter is hereby vested in the superior court.

"(b) The court may examine any record which is the subject of a suit in camera to determine whether the record or any part thereof may be withheld from public inspection under the terms of this chapter.

"(c) Actions brought under this chapter may be advanced on the calendar upon motion of the petitioner made in accordance with the rules of civil procedure of the superior court.

"(d) The court may impose a civil fine not exceeding one thousand dollars ($1,000) against a public body found to have committed a willful violation of this chapter.

"38-2-10. Burden of proof.—In all actions brought under this chapter, the burden shall be on the public body to demonstrate that the record in dispute can be properly withheld from public inspection under the terms of this chapter."

It is reasonably clear from a reading of these sections that APRA provides a judicial remedy to a person or entity denied access to records alleged to be public records. The first remedy is an administrative appeal under § 38-2-8(a). The second remedy pursuant to § 38-2-8(b) would be to seek the aid of the Attorney General in instituting proceedings for injunctive or declaratory relief. This section also provides for a private action for injunctive or declaratory relief in the Superior Court of the county where the record is maintained. Section 38-2-9 confers jurisdiction upon the Superior Court to determine whether the record or any part thereof may be withheld by a public body and also authorizes the imposition of a civil fine against a public body found to have committed a willful violation of the chapter. Section 38-2-10 imposes the burden of proof upon the public body to demonstrate that the record in dispute can be properly withheld from public inspection. No portion of the statute purports to provide a remedy for a person or an entity that seeks to prevent disclosure.

Since the enactment of APRA, this court has decided a number of cases in which the press or other interested parties have sought to compel disclosure of records by public agencies who were resisting such disclosure. *See, e.g., Providence Journal Co. v. Kane,* 577 A.2d 661 (R.I.1990); *Pawtucket Teachers Alliance Local No. 920, AFT, AFL–CIO v. Brady,* 556 A.2d 556 (R.I.1989); *Hydron Laboratories, Inc. v. Department of Attorney General,* 492 A.2d 135 (R.I.1985); *The Rake v. Gorodetsky,* 452 A.2d 1144 (R.I.1982).

█ In only one case was this court confronted with an attempt to prevent disclosure of financial information by a public official. In *Charlesgate Nursing Center v. Bordeleau,* 568 A.2d 775 (R.I.1990), the Charlesgate Nursing Center sought to prevent disclosure of a required report (BM–64) that was submitted to the director annually in order to justify the payment of reimbursement funds pursuant to the medicaid program. Disclosure of this information was proposed to be made by the director of human services to a labor union, local No. 76 of the Service Employees' International Union, AFL–CIO, which had in-

tervened in the action. Both the Superior Court justice and this court decided the case on its merits and determined that Charlesgate was not entitled to either injunctive or declaratory relief since the BM–64 report (as modified for disclosure purposes) did not come within a specific exemption set forth in § 38–2–2. However, in *Charlesgate* neither party raised the issue concerning whether APRA provided a remedy to compel nondisclosure in the event that a public official or body was about to disclose material that might be entitled to an exemption under the provisions of § 38–2–2. We are thus confronted with this issue for the first time in this litigation.

Our examination of the statutory remedies provided in chapter 2 of title 38 leads us to the conclusion that no such remedy is provided to compel nondisclosure. It has long been a cardinal principle of statutory construction in this jurisdiction that when a statute is free from ambiguity and expresses a clear and definite meaning, the court must accord to the words of the statute such clear and obvious import without adding to or detracting from the plain everyday meaning of the words contained in the statute. *Providence Journal Co. v. Kane*, 577 A.2d at 664; *Wilson v. Krasnoff*, 560 A.2d 335, 339 (R.I.1989); *State v. Calise*, 478 A.2d 198, 200 (R.I.1984); *Kastal v. Hickory House, Inc.*, 95 R.I. 366, 369, 187 A.2d 262, 264 (1963).

To inject a provision for a judicial remedy by way of injunction or otherwise into a statute that plainly does not contain such a remedy would be interpretation by amendment. In the event that the Legislature should decide to create such a judicial remedy, there is no question that it has the capacity to do so at any time it may so choose. It is not the function of this court to rewrite or to amend statutes enacted by the General Assembly. *See State v. Feng*, 421 A.2d 1258, 1264 (R.I.1980); *New England Die Co. v. General Products Co.*, 92 R.I. 292, 297, 168 A.2d 150, 154 (1961).

This case presents a problem not unlike that encountered by the United States Supreme Court in *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). In that case, the Court dealt with a complaint filed by Chrysler Corp. seeking injunctive relief against the Defense Logistics Agency, which proposed to disclose to certain third-parties, pursuant to the Freedom of Information Act (FOIA), information relating to affirmative-action programs established by Chrysler at its Newark, Delaware, assembly plant. Chrysler contended that such information was not subject to disclosure under FOIA and petitioned the Federal District Court in Delaware to enjoin such disclosure. The Federal District Court entered a judgment enjoining such disclosure on the ground that it fell within the exemptions set forth in FOIA and that federal statutes prohibited disclosure thereof. The Court of Appeals for the Third Circuit disagreed and held that FOIA was exclusively a disclosure statute and provided no remedy for one who sought to compel nondisclosure.

The Supreme Court of the United States affirmed the decision of the Court of Appeals and held that FOIA was designed to enlarge disclosure by public agencies and protected the submitter's interest in confidentiality only to the extent that this interest is endorsed by the agency collecting the information. The Court concluded its observation by stating:

"Enlarged access to governmental information undoubtedly cuts against the privacy concerns of nongovernmental entities, and as a matter of policy some balancing and accommodation may well be desirable. We simply hold here that Congress did not design the FOIA exemptions to be mandatory bars to disclosure." *Chrysler Corp.*, 441 U.S. at 293, 99 S.Ct. at 1713, 60 L.Ed.2d at 219.

In holding that FOIA did not provide a remedy for "reverse-FOIA" suits, the Supreme Court examined the statute and found that Congress did not limit an agency's discretion to disclose information by virtue of that statute. The similarity between FOIA, as interpreted, and APRA is striking. In both instances the Legislature has cast the public official as the guardian of exempted material. His or her discre-

tion in respect to disclosure cannot be challenged by a private party. As in the case at bar, if a remedy is to be provided, it must be provided by the Legislature and not by the court.

Our statute, like the Federal FOIA statute, is directed solely toward requiring disclosure by public agencies and does not provide a reverse remedy to prevent disclosure. Since the Federation's complaint is solely based upon APRA, it is neither necessary nor proper for us to inquire whether in any circumstance under any other statute or principle disclosure of information might be barred or impeded.

For the reasons stated, the Federation's appeal is denied and dismissed. The judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.

FAY, C.J., did not participate.