DECISION
This matter comes before the court on defendant's, Edward A. Sherman Publishing Company, motion for summary judgment. The Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
The plaintiff Ernest Robinson, is a former police officer with the City of Newport Police Department. During his tenure with the department, Robinson was subjected to disciplinary action and subsequently suspended pending an internal investigation. Robinson requested a hearing pursuant to the Law Enforcement Officers Bill of Rights Act, R.I.G.L. § 42-28. However, prior to the hearing, Robinson resigned his position in exchange for assurances from the City that the subject matter and facts of the disciplinary complaint would remain confidential.
On or about February 5, 1998, The Edward A. Sherman Publishing Company (the newspaper) submitted a written request to the City for certain records including "all reports of investigations concerning Robinson." On or about March 19, 1998, Robinson filed the instant action requesting that Michael Malinoff, in his capacity as Manager of the City of Newport and the defendant, City of Newport, be temporarily and permanently restrained and enjoined from disclosing by public statement, any of the contents and allegations related to the disciplinary complaints against Robinson. In accordance with Robinson's complaint, the Court entered a temporary order enjoining the City from disclosing by public statement any of the contents of the allegations or disciplinary allegations in this matter.
On or about April 17, 1998, the newspaper moved to intervene as a party defendant pursuant to Rule 24. Over plaintiffs objection, the Court allowed the newspaper to intervene and continued the temporary orders previously in effect. On May 20, 1999, the new defendant filed the instant motion for summary judgment.
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders. Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56(c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence, Inc. v. Wilkie,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCO v. Rignanese,714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law.Harritos v. Cambio, 683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56(c).
 Standing
The newspaper argues at length that Robinson does not have standing to maintain this suit under Access to Public Records Act (APRA). The newspaper likened this case to Rhode IslandFederation of Teachers v. Sundlun, 1991 WL 789779 (R.I.Super 1991) aff'd by Rhode Island Federation of Teachers, AFT, AFL CIOv. Sundlun, 595 A.2d 799 (R.I. 1991). In Rhode Island Federationof Teachers, the plaintiffs based their request for injunctive relief on the provisions of the APRA. Since the purpose of the APRA is clearly disclosure rather than secrecy, it is intended to be utilized by the parties seeking access rather than concealment of particular information. Because they were seeking to enjoin the disclosure of information, the Supreme Court categorized the teachers' argument as a reverse APRA action noting that the Act was not intended to be used in this manner.
The application of this case and its reasoning to the facts at hand is unpersuasive since unlike the teachers, Robinson did not bring this suit under the APRA. Robinson's suit originates from the Law Enforcement Bill of Rights the purpose of which is separate and distinct from that of the APRA. It is the newspaper that raises the latter Act. The Court finds, therefore, that Robinson does, in fact, have standing to bring this suit.
 Access to Public Records
In bringing its motion to dismiss, the newspaper argues that it is entitled to the requested records under Rhode Island's Access to Public Records Act, Rhode Island General Laws § 38-2-1et seq. The newspaper argues that the requested records relate to the management and direction of a law enforcement agency and, therefore, fall well within the parameters of the Rhode Island Access to Information Act. "The newspaper is interested in the law enforcement agency's investigation of its own officer and the `interaction of police officers with members of the community in the community.' Robinson has no reasonable expectation of privacy in his dealings with the community."Memorandum in Support of Motion for Summary Judgment at II.
In response to the newspaper's argument, Robinson relies, in part, on the following language from the Law Enforcement Officer's Bill of Rights:
 "No public statement shall be made prior to a decision being rendered by the hearing committee and no public statement shall be made if the officer is found innocent, unless the officer requests a public statement; provided however that this subdivision shall not apply if the officer makes a public statement." G.L. § 42-28.6-4.
In this case, Robinson argues, a hearing committee was never assembled and therefore "it was and is the position of Ernest Robinson that the City of Newport was barred from making any public statement concerning the circumstances of disciplinary complaints brought against him." Memorandum in Support ofPlaintiff's Objection To Motion for Summary Judgment ofIntervenor Defendant The Everett A Sherman Publishing Company at 3-4.
The Law Enforcement Officers' Bill of Rights "was enacted to protect police officers from infringements of their rights in the course of investigations into their alleged improper conduct." Inre Sabetta, 661 A.2d 80 (R.I. 1995) quoting In re Denisewich,643 A.2d 1194 (R.I. 1994) (citations omitted). "In the absence of a showing of `actual interference' with the fair administration of justice, an individual is empowered by the First Amendment to comment publicly on the precise matter that is the subject of a pending investigation." Sabetta, 661 A.2d at 84 quotingProvidence Journal Co. v. Newton, 723 F. Supp. 846 (D.R.I. 1989).
However, it is also well recognized that the public's right to know and have access to information is an essential element of the First Amendment. See generally, Globe Newspaper v. SuperiorCourt, ___ U.S. ___, 73 L.Ed.2d 248 (1982), Richmond NewspapersInc. v. Virginia, 448 U.S. 555 (1980). In recognition of the importance of this particular element of constitutional freedom, Rhode Island has enacted its own freedom of information act, the Access to Public Records Act of 1979. Rhode Island General Laws § 38-2-1 states:
 "The public's right to access records and the individual's right to dignity and privacy are both recognized to be principles of the utmost importance in a free society. The purpose of this chapter is to facilitate public access to public records. It is also the intent of this chapter to protect from disclosure information about particular individuals maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of personal privacy." Id. (1998 Reenactment).
The Court agrees with Robinson's contention that the APRA and the Bill of Rights Act do not conflict. While the APRA is intended to provide information to the public, the Bill of Rights exempts certain types of information as it pertains to specific acts by Law Enforcement Officers. Each act plays an important role in the dissemination of information to the general state population. In this case, the type of information sought to be protected falls more closely within the APRA than the confidentiality provisions of the Bill of Rights.
As previously mentioned, the Law Enforcement Officers' Bill of Rights Act provides that with regard to an officer's discipline, no public statement shall be made regarding such action until a decision has been rendered by a hearing committee. In this case, since Robinson resigned prior to the committees establishment no decision was ever rendered. Therefore, Robinson argues, the department is prohibited from ever making a public statement or releasing related documents.
This Court is not persuaded by this argument because it was Robinson's own decision to forego the hearing committee's review. He unilaterally resolved the matter prior to his requested heating. It seems counterintuitive to waive a procedural hearing and then claim that since the hearing did not take place there was no "final action" and the matter is protected from public review. The Law Enforcement Officers' Bill of Rights is intended to temporarily shield officers from outside scrutiny or interference during internal department investigations into allegations of misconduct. Once the investigation has concluded, there is a final outcome whether it he as a result of a hearing committee decision or some other means.
The Bill of Rights Act also attempts to protect individual privacy by preventing the disclosure of certain information when said disclosure would constitute an unwarranted invasion of personal privacy. The matter at hand does not in this Court's opinion, fall into that category. Recognizing that making this information public may be a source of embarrassment, it is a matter which involves and concerns members of the greater community. It is difficult to imagine that this provision in the Bill of Rights Act was intended to include actions such as those of which the officer was accused.
Accordingly, the newspaper's motion is granted. Counsel shall prepare the appropriate judgment for entry.