Ernest ROBINSON

v.

Michael MALINOFF, in his capacity as City Manager of the City of Newport et al.

No. 99–523–APPEAL.

Supreme Court of Rhode Island.

May 14, 2001.

Kathleen Managhan, Michael W. Field, Special Assistant Attorney General, for Plaintiff.

Staci L. Sawyer, Providence, Joseph J. Nicholson, Newport, Joseph V. Cavanagh, Jr., Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

In this case, Ernest Robinson (Robinson) appeals from the entry of summary judgment on counts 1 and 2 in his civil action complaint against the City of Newport and its city manager (collectively city). In those two counts he had sought injunctive and other relief to preclude the city from turning over to a local newspaper, the *Newport Daily News*, for inspection, his personnel file and internal police department investigation materials that had been completed while he was a member of the Newport police department (NPD). The summary judgment appealed from was granted in favor of an intervenor, Edward A. Sherman Publishing Company, the owner of the local newspaper.[1] For the reasons hereinafter set out, we sustain Robinson's appeal.

## I

### Case Travel and Facts

The facts of this case are largely undisputed. Robinson had been an officer with the NPD since March 27, 1995. On December 4, 1997, the NPD notified Robinson that he was the subject of certain disciplinary complaints. Pursuant to his statutory right under the Law Enforcement Officers' Bill of Rights Act, G.L.1956 chapter 28.6 of title 42(OBR), Robinson requested a hearing before a disciplinary committee. On December 9, 1997, prior to any hearing, Robinson's attorney met with certain Newport officials, who informed him that the subject matter and facts of the disciplinary complaints would remain confidential if Robinson resigned from the NPD. The next day, on December 10, pursuant to that agreement, Robinson resigned.

Following Robinson's resignation, the *Newport Daily News*, a newspaper circulated largely in the Newport area and published by the Edward A. Sherman Publishing Company (Sherman), through its staff writer Janine Landry, requested from the city "all reports of investigations concerning Robinson."

Robinson, on March 19, 1998, after learning that the city intended to release a public statement concerning the disciplinary complaints that had been brought against him, filed a three-count complaint against the city in the Newport Superior Court. In that civil action, he sought to enjoin the city, both temporarily and permanently, from disclosing any information from his personnel file about the disciplinary investigations concerning his job performance. In his complaint, Robinson sought injunctive relief based on applicable provisions in the OBR, § 42–28.6–2(m), and on the equitable doctrine of promissory estoppel. Robinson later filed an amended complaint that additionally sought injunctive relief against the city based on a Newport ordinance that allegedly precluded release of the questioned information.[2] He also sought declaratory

---

1. The newspaper earlier had published articles concerning a young college student's report to the police department alleging that she had been sexually assaulted by Robinson and, that a Newport grand jury had considered that alleged incident and had refused to return an indictment against Robinson.

2. Section 3.04.080(D), "Delegation of authority and records maintenance," of the Ordinances of the City of Newport provides:

relief and judgment, pursuant to G.L.1956 chapter 30 of title 9, declaring that any public statement made by the city concerning the previous disciplinary complaints would serve to "invalidate" his resignation from the NPD. On that same day, March 19, a hearing justice granted Robinson's request for a temporary restraining order against the city.[3]

On April 17, 1998, Sherman moved to intervene as a party defendant in the action, pursuant to Rule 24(b) of the Superior Court Rules of Civil Procedure. On May 11, 1998, over Robinson's objection, a Superior Court trial justice granted Sherman's motion to intervene "for the limited purpose of litigating the request for a preliminary injunction."

Subsequently, Sherman filed an answer to Robinson's complaint. In that answer, Sherman denied that the requested records should be protected pursuant to the OBR, municipal ordinances, or by equitable estoppel. The answer further alleged in a series of "defenses" that, *inter alia,* Robinson's complaint failed to state a claim upon which relief could be granted since the relief requested would violate Sherman's "constitutional, common law, and statutory rights of free speech and of access to governmental records and information" and that Robinson lacked standing to prevent that disclosure.

Sherman's answer also contained a cross-claim against the city. The cross-claim alleged that the city maintained care, custody and control of the requested records relating to Robinson and "has refused and continues to refuse to provide the newspaper with access to the requested records, which are public records." Sherman's cross-claim contended that the city's refusal to turn over the documents violated, *inter alia,* its statutory rights under the Access to Pubic Records Act (APRA), G.L.1956 chapter 2 of title 38. Sherman, in its cross-claim, requested that the trial court declare that its newspaper was entitled to have access to the requested records and that the city be required to produce the requested records, and that the court award it its costs and attorney fees.

Subsequently, Sherman moved for summary judgment "in its favor and against plaintiff Ernest Robinson" pursuant to Rule 56(c) of the Superior Court Rules of Civil Procedure. In its motion, Sherman contended that it was entitled to the "requested records" under the APRA, and that Robinson lacked standing under the APRA to prevent such disclosure, and that the records requested by the newspaper should be disclosed.[4] Sherman, it should be noted, did not file for summary judgment on its cross-claim against the city, the sole custodian of the records being sought.

Robinson duly objected to Sherman's motion for summary judgment. Although Robinson conceded the absence of factual issues, he asserted that under the OBR and a Newport ordinance he was entitled to the injunctive relief that he had requested in his complaint. He also contended that the disciplinary records should remain

---

"The city manager shall make available to authorized persons, upon request, personnel records and reports. Authorized persons are councilmen, court officers and any person designated by a court of competent jurisdiction."

3. The temporary restraining order was granted pursuant to Rule 65(b) of the Superior

Court Rules of Civil Procedure. The temporary restraining order was subsequently extended.

4. Sherman also obliquely contended that it moved for summary judgment based on the "asserted defenses" to Robinson's complaint.

confidential under the provisions of the APRA.

After a hearing on Sherman's motion for summary judgment, a Superior Court trial justice granted Sherman's motion on the first two counts in Robinson's complaint that had sought to enjoin the city from releasing any disciplinary proceeding documents from Robinson's personnel file, or from commenting on the disciplinary complaints that had been filed against Robinson.[5] The trial justice rejected Robinson's contention that the OBR shielded the requested documents from public disclosure. The trial justice, however, failed to expressly consider whether the records should have remained private under the Newport city ordinance or the specific provisions of the APRA. Instead, she accepted completely Sherman's general contention that Robinson's personnel file records should be disclosed as public records under the APRA. The trial justice, pursuant to Super.R.Civ.P. 54(b), then entered final judgment in favor of Sherman on counts 1 and 2 in Robinson's complaint. She ordered the defendant City of Newport to make available to Sherman all documents pertaining to disciplinary complaints lodged against Robinson, together with the "underlying reports and statements in support of said disciplinary complaints."[6] Robinson timely appealed.

In his appeal, he contends that none of the records and reports contained in his personnel file and sought by Sherman are public and, thus, are not subject to disclosure pursuant to the express mandate of the APRA, the OBR, and the Newport city ordinance. The Attorney General has filed an amicus brief in which he agrees with

Robinson that the requested records should remain confidential under one of the APRA's exemptions, namely that "records identifiable to an individual employee are exempt from public disclosure." Sherman counters that the documents were not confidential under any of the APRA's provisions.

## II

### Case Analysis

■ After a careful review of the record, we discern that the issue of whether the trial justice should have ordered the city to release the requested records to Sherman, pursuant to the APRA, was not properly before the hearing justice. The hearing justice completely overlooked the procedural fact that Sherman's motion for summary judgment was directed only to Robinson's request for relief on the first and second counts in Robinson's complaint. Sherman's request to obtain Robinson's records was contained only in its cross-claim against the city, and Sherman had not moved for summary judgment on its cross-claim against the city—the sole custodian of the sought after records.

The APRA only creates a cause of action for an individual or entity denied access to records maintained by a public body against the public body that is the custodian of the records. `See` chapter 2 of title 38; *Rhode Island Federation of Teachers v. Sundlun*, 595 A.2d 799, 801 (R.I.1991). In this case, Sherman had asked for the records to be released in a motion for summary judgment against only Robinson, even though this relief was not available

---

**5.** The third count, concerning declaratory relief, was not before the trial court and is not now before us.

**6.** The trial justice later granted Robinson's motion to stay enforcement of the judgment and directed that the existing restraining orders for injunctive relief contained in counts 1 and 2 of Robinson's amended verified complaint against the city remain in effect until Robinson's appeal was decided.

because Robinson was not the custodian of the records sought. Since the enactment of the APRA, we are aware of no case in which an individual or entity has been able to obtain disclosure of records maintained by a public body by means of an action against a person not in possession of the records and not associated with that public body. Robinson is obviously not a "public body" nor is he the custodian of the alleged public records sought here by Sherman.

Accordingly, the trial justice exceeded her authority when she granted summary judgment against Robinson and in favor of Sherman and ordered the pertinent documents released on the basis of Sherman's motion that did not request summary judgment on its cross-claim against the city in whose possession the records were maintained.[7]

We particularly note that in the hearing justice's decision granting summary judgment in favor of Sherman, that she completely failed to address Robinson's contention that his personnel records were not disclosable public records by virtue of § 38-2-2(4)(A)(I) in the APRA, which expresses the Legislature's clearly stated intention to exempt from public disclosure those records concerning a particular and identifiable individual, and in particular, when that disclosure would constitute an unwarranted invasion of that person's privacy. *Providence Journal Co. v. Sundlin,* 616 A.2d 1131, 1136 (R.I. 1992); *Providence Journal Co. v. Kane,* 577 A.2d 661, 665 (R.I. 1990).

### III

### Conclusion

We conclude from the record in this case that the hearing justice was correct in discerning from our holding in *Rhode Island Federation of Teachers* that

had Robinson brought suit to enjoin release of his records on the basis of the APRA, he would have lacked standing under that act to seek to enjoin disclosure by the City of Newport or its city manager of those records. *Rhode Island Federation of Teachers,* 595 A.2d at 801. Robinson's complaint did not, however, rely upon the APRA for the relief he had sought. We thus conclude that the trial justice erred in deciding on the basis of Sherman's particular motion for summary judgment before her that the records in question were not exempt from public disclosure under the APRA. *Edward A. Sherman Publishing Co. v. Carpender,* 659 A.2d 1117, 1122 (R.I. 1995).

Accordingly, the plaintiff Robinson's appeal is sustained, the summary judgment entered in favor of Sherman is vacated, and the papers in this case are remanded to the Superior Court for trial on Robinson's complaint and Sherman's cross-claim against the City of Newport and its city manager.

---

7. In Sherman's cross-claim against the City of Newport and its city manager, under the APRA, the burden of proof to demonstrate that the records should not be disclosed is upon the city. G.L.1956 § 38-2-10. The City of Newport and its city manager were not parties in the summary judgment motion and hearing.