February 17, 2023

**Supreme Court**

No. 2021-319-Appeal.
(PC 19-7427)

Key Corporation          :

v.                       :

Greenville Public Library.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Key Corporation          :

v.          :

Greenville Public Library.          :

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**    The defendant, Greenville Public Library (defendant), appeals from the Providence County Superior Court's entry of summary judgment in favor of the plaintiff, Key Corporation (plaintiff).  This case came before the Supreme Court on November 3, 2022, pursuant to an order directing the parties to appear and to show cause why the issues raised in this appeal should not be summarily decided.  On appeal, the defendant asserts two claims of error: (1) that the defendant is not a public body as defined in the Access to Public Records Act (the APRA), G.L. 1956 chapter 2 of title 38,  and is therefore not subject to the requirements of the APRA; and (2) the Superior Court erred in assessing the amount of attorneys' fees awarded to counsel for the plaintiff.  After hearing the parties' arguments and thoroughly reviewing the record, we are satisfied that cause has not

- 1 -

been shown.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

The plaintiff filed a complaint on July 11, 2019, seeking a declaratory judgment that defendant violated the APRA, asking for an order directing defendant to produce certain records requested by plaintiff pursuant to the APRA and requesting a civil penalty, attorneys' fees and costs.  The plaintiff contended that defendant was a quasi-municipal corporation created by legislation in 1882 to provide public library services to the Town of Smithfield (Town), that defendant received 70 percent of its funding from the Town, that defendant was listed as a municipal department on the Town's website, and that, therefore, defendant was a "public body" or "agency" as defined by the APRA.

The plaintiff represented that it had submitted a request to defendant for public documents in accordance with the APRA, "relating to the procurement, bidding and award process for the 'Greenville Public Library, New Parking and Access Driveway' project[.]"  The defendant initially refused to produce any documents pursuant to the request, maintaining that it was not subject to the APRA.  The defendant filed an answer, denying that it had violated the APRA.  On July 22, 2019, eleven days after the complaint was filed, defendant produced the documents.

The defendant filed a motion for summary judgment, arguing the matter was no longer justiciable because plaintiff lacked standing and there was no longer a case or controversy. The defendant maintained that it was a private, nonprofit corporation, not a public body under the APRA. The defendant proffered that it was governed by a twelve-member board of directors appointed pursuant to its bylaws, not by municipal officials; employed its own executive director and employees, none of whom are municipal employees; and was a 501(c)(3) tax-exempt organization, a status that does not apply to municipal entities. Further, defendant argued that the opinions issued by the Attorney General and cited by plaintiff were outdated and advisory, citing a more recent advisory opinion from the Attorney General, which found that the Newport Public Library was not subject to the APRA.[1]

The plaintiff objected to defendant's motion and filed a cross-motion for summary judgment, asserting that the case was not moot, notwithstanding defendant's production of the requested documents, because it was entitled to a declaration regarding defendant's status as a public body and because the APRA provides for civil penalties and attorneys' fees. The plaintiff argued that defendant is considered, and represented to be, a department of a municipal government, is included in the Town's Annual Budget and its Comprehensive Annual Financial

---

[1] Pursuant to G.L. 1956 § 38-2-8, once a public records request is made and denied, "the person or entity seeking disclosure may file a complaint with the attorney general."

Report as a Town department, and receives approximately 70 percent of its funding from the Town and its taxpayers. Additionally, plaintiff noted that the definition of public body provided for in G.L. 1956 § 38-2-2(1) includes certain private agencies and that defendant received bids for the contract through the Town.

In support of the motions for summary judgment, the parties cited three opinions issued by the Attorney General advising whether libraries were subject to the APRA. The first two, issued in 1994 and 2000, concerned the Greenville Public Library. In each advisory opinion, the Attorney General stated that the library was considered a public body. In the final advisory opinion, issued in 2014, the Attorney General opined that Newport Public Library was not a public body as defined by the APRA.

After a hearing on the cross-motions, the hearing justice rendered a bench decision denying defendant's motion for summary judgment and granting plaintiff's partial motion for summary judgment. In his decision, the hearing justice noted that defendant was listed on the Town's website as a municipal department and that defendant was a nonprofit corporation that was originally established in 1882. The hearing justice added that the contact information included in the solicitation for bids on the parking lot project listed the Town and a municipal employee. Additionally, he found that approximately 70 percent of defendant's operating budget came from a Town appropriation in the range of $700,000. The hearing justice went on to note

that there were no municipal employees working for defendant, and that the Town's governance did not exert control over defendant's employees, who themselves did not participate in the Town's pension system.

The hearing justice considered that defendant followed the Open Meetings Act (OMA), G.L. 1956 chapter 46 of title 42, because it receives 25 percent or more of its funding from public funds, although the APRA has no such monetary threshold. Further, the hearing justice noted that defendant was insured by the Rhode Island Interlocal Risk Management Trust, which was created under G.L. 1956 § 45-5-20.1, and covers only eligible entities.[2] The hearing justice discussed each of the advisory opinions referenced by the parties, but distinguished the Newport Public Library because the library went approximately eighty years without donations from the City of Newport and it was not part of Newport's comprehensive annual financial report, nor was it considered a component unit of the City of Newport under applicable standards.

---

[2] "Eligible Entities" are defined as:

> "any city, town, school committee, water or fire district, or other public or quasi-municipal authority, agency or entity, or organization that is an instrumentality of such cities or towns, or any group of such cities or towns, authorities, agencies or entities which is a member of the corporations created pursuant to the provisions of this section." G. L. 1956 § 45-5-20.1(b).

The hearing justice determined that plaintiff had standing and that the matter was still justiciable; he further determined that the fact that defendant turned over the requested records did not extinguish plaintiff's claims for civil penalties and attorneys' fees under the APRA. The hearing justice determined that pursuant to the Uniform Declaratory Judgment Act, G.L. 1956 § 9-30-1, defendant is a public body subject to the APRA. Accordingly, he granted plaintiff's motion for partial summary judgment.

The plaintiff filed a motion for attorneys' fees pursuant to § 38-2-9(d), seeking $73,863.50, and waived its claim for civil penalties, in order to expedite a final disposition.[3] While defendant did not dispute that an award of attorneys' fees might be appropriate, it did dispute the requested amount as "wholly unreasonable and excessive," given that the library had voluntarily produced the requested documents within days of being served with plaintiff's complaint.

After a hearing on attorneys' fees, the amount of $60,767.87 in total fees and costs was ordered, followed by a separate final judgment declaring that defendant was a public body subject to the APRA. Thereafter, defendant filed a timely notice of appeal.

---

[3] Attached to its motion was the affidavit of plaintiff's attorney, including his detailed statement of account for billing of services to plaintiff.

## Standard of Review

"This Court reviews *de novo* a trial justice's decision granting summary judgment." *Estate of Garan*, 249 A.3d 1254, 1257 (R.I. 2021) (quoting *Glassie v. Doucette*, 157 A.3d 1092, 1096 (R.I. 2017)). "Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Glassie*, 157 A.3d at 1096).

"We have repeatedly stated that, in conducting a review of a trial justice's award of attorneys' fees, 'the issue of whether there exists a *basis* for awarding attorneys' fees generally is legal in nature, and therefore our review of such a ruling is *de novo*.'" *America Condominium Association, Inc. v. Mardo*, 140 A.3d 106, 115 (R.I. 2016) (brackets omitted) (quoting *Dauray v. Mee*, 109 A.3d 832, 845 (R.I. 2015)); *see also Danforth v. More*, 129 A.3d 63, 72 (R.I. 2016). "Accordingly, we have further stated that 'only if it is determined that there is such a legal basis, then this Court will review a motion justice's actual award of attorneys' fees for an abuse of discretion.'" *America Condominium Association, Inc.*, 140 A.3d at 115 (brackets omitted) (quoting *Dauray*, 109 A.3d at 845).

**Discussion**

On appeal, defendant makes two claims of error. First, defendant contends that the hearing justice erred in finding that it was a public body for purposes of the APRA. The defendant maintains that operating a library is not the exercise of a governmental function and does not become one because a portion of its budget comes from Town funding. The defendant further asserts that its compliance with plaintiff's document request renders this case no longer justiciable. The defendant's second claim is that the fee award in the amount of $60,767.87 to plaintiff's attorney, a nonparty to the case, "is wholly unreasonable, excessive, and not supported by the statute."

The plaintiff maintains that the hearing justice's decision was consistent with the plain language of the statute and prior opinions issued by the Attorney General. The plaintiff argues that, in addition to defendant's dependence on the Town, defendant is a member of the Rhode Island Interlocal Risk Management Trust and, therefore, must be a quasi-governmental entity. The plaintiff asserts that a public body is defined under the APRA to include any private person, corporation, or entity "acting on behalf of and/or in place of any public agency." *See* § 38-2-2(1). The plaintiff contends that the award of fees was mandatory and appropriate under § 38-2-9(d).

The Rhode Island Constitution encourages the diffusion of knowledge and promotion of libraries because they are essential to the rights and liberties of the citizenry. Specifically, article 12, section 1, states, "[I]t shall be the duty of the general assembly to promote * * * public libraries, and to adopt all means which it may deem necessary and proper to secure to the people the advantages and opportunities of * * * public library services." R.I. Const., art. 12, § 1. In enacting the APRA, the General Assembly declared that "[t]he purpose of this chapter is to facilitate public access to public records." Section 38-2-1. This Court has "long recognized that the underlying policy of the APRA favors the free flow and disclosure of information to the public." *In re New England Gas Company*, 842 A.2d 545, 551 (R.I. 2004) (quoting *Providence Journal Co. v. Sundlun*, 616 A.2d 1131, 1134 (R.I. 1992)). We have observed that "[t]he policy underlying the APRA 'is to facilitate public access to governmental records which pertain to the policy making functions of public bodies * * *.'" *Id.* at 555 (quoting § 38-2-1).[4] "The

_____

[4] Section 38-2-2(1) provides:

> "'Agency' or 'public body' means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof; including, but not limited to: any department, division, agency, commission, board, office, bureau, authority; any school, fire, or water district, or other agency of Rhode Island state or local government that exercises governmental functions; any authority as defined in § 42-35-1(b); *or any other public or private agency, person, partnership,*

APRA only creates a cause of action for an individual or entity denied access to records maintained by a public body against the public body that is the custodian of the records." *Robinson v. Malinoff*, 770 A.2d 873, 876 (R.I. 2001); *Rhode Island Federation of Teachers, AFT, AFL-CIO v. Sundlun*, 595 A.2d 799, 801 (R.I. 1991). Additionally, § 38-2-9(d) provides in pertinent part that,

> "[t]he court shall impose a civil fine not exceeding two thousand dollars ($2,000) against a public body or official found to have committed a knowing and willful violation of this chapter, and a civil fine not to exceed one thousand dollars ($1,000) against a public body found to have recklessly violated this chapter and shall award reasonable attorney fees and costs to the prevailing plaintiff."

The following facts are undisputed: the Greenville Public Library Board of Trustees is listed as a public body on the Rhode Island Secretary of State's open meetings website. The defendant posts notices of its public meetings, and minutes of its meetings, with the Secretary of State pursuant to the OMA. The defendant does not refute that it has consistently received approximately 70 percent of its funding from the Town and is included in the Town's annual report. The contact information included in the solicitation for bids on the parking lot project listed the Town and an employee of the Town as the contact person for the bid.[5] The defendant

---

> *corporation, or business entity acting on behalf of and/or in place of any public agency*." (Emphasis added.)

[5] Counsel acknowledged at oral argument before this Court that defendant followed the public bid procedures for the contract.

is listed on the Town's web pages as a department of the Town, and the Town has repeatedly included documentation of appropriations to the defendant in its budget planning. The defendant is insured by the Rhode Island Interlocal Risk Management Trust.

Both plaintiff and defendant rely on Attorney General advisory opinions, with conflicting results, regarding whether various libraries are public bodies subject to the APRA. The only opinion in which a library was determined to not be a public body, the 2014 opinion concerning the Newport Public Library, is easily distinguishable. As was pointed out by the hearing justice, the Newport Public Library had not received public funds over a period of eighty years and was not a part of the city's comprehensive financial report, unlike the present circumstances of defendant. In reviewing the undisputed facts, it is clear, there was no error by the hearing justice in determining that defendant is a public body.

With respect to the issue of attorneys' fees, plaintiff contends that the hearing justice did not abuse his discretion in granting its motion for an award of fees pursuant to § 38-2-9(d) in the amount of $60,767.87 because the very purpose of a fee-shifting statute such as § 38-2-9(d) is to enable plaintiffs "to employ reasonably competent lawyers without cost to themselves if they prevail." *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990). The plaintiff maintains that it was forced to file suit to obtain

the records. Once the records were produced, plaintiff maintains it was defendant's litigation strategy that caused the dramatic increase in fees to occur.

The defendant asserts that the award of fees directly to plaintiff's counsel amounts to an award to a nonparty in the case and is unreasonable and not supported by statute. The defendant further argues that, once the documents were provided, satisfying the objectives of the APRA, then the ability to incur costs and fees should have ended.

In the instant case, there was a clear basis for the award of attorneys' fees once the hearing justice determined that defendant violated the APRA. "The APRA encourages meritorious claims under the statute by providing the incentive of an award of attorneys' fees for a prevailing party." *Downey v. Carcieri*, 996 A.2d 1144, 1153 (R.I. 2010). After careful review of the record, in making his determination of fees the hearing justice closely examined the lengthy and detailed invoice provided by the plaintiff's attorney, even rejecting certain portions of the bill. We agree with the plaintiff's contention that the argument by the defendant relative to the award of fees to the nonparty attorney is specious.[6] The hearing justice considered the

---

[6] The defendant simply made an assertion that the award of attorney's fees directly to plaintiff's attorney was inappropriate, without citation to any authority, failing to fully develop its argument. "[S]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)).

reasonableness factors for attorneys' fees under § 38-2-9(d) and pointed out that the attorney's work does not need to end at the point where the records are returned. Further, the hearing justice carefully reviewed the invoice and liberally removed fees where he felt it was warranted for him to do so. The plaintiff was required to file suit to obtain the documents, and the statute specifically provides for the award of attorneys' fees. *See* § 38-2-9(d). The hearing justice acted well within his discretion in awarding fees and costs in the amount of $60,767.87.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The papers may be returned to the Superior Court.

Justice Long did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Key Corporation v. Greenville Public Library. |
| **Case Number** | No. 2021-319-Appeal.<br>(PC 19-7427) |
| **Date Opinion Filed** | February 17, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Kevin P.  Gavin, Esq.<br>For Defendant:<br><br>Steven E. Snow, Esq. |